Pericles DESCARTES, Libelant,

v.

UNITED STATES of America, Respondent.

United States District Court
S. D. New York.
Oct. 28, 1958.

———◆———

Benjamin Glickman, New York City, for libelant.

Dougherty, Ryan & Mahoney, New York City, Lawrence J. Mahoney, New York City, of counsel, for respondent.

McGOHEY, District Judge.

The libelant, a seaman, seeks damages for an injury to his back while employed on the S. S. Carroll Victory; and maintenance and cure. He asserts that his injury was caused by the negligence of the owner and the unseaworthy condition of the vessel. The facts as found are set forth in the opinion.

On May 8, 1956, the libelant signed on the vessel for a foreign voyage as second electrician. It was part of his routine duties, each morning, to "lamp up," i. e. to check all the electric lights and replace those which were burned out. As far as appears, he did this regularly without accident until the morning of August 1. The vessel was then anchored in the Persian Gulf. One electric bulb in an overhead fixture in the engine room was burned out. The fixture was located above and somewhat to the left of a generator which was encased in a housing, the top of which was rounded and about 5 or 6 feet above the deck. There was a railing around the platform on which the generator rested. A stanchion which formed part of the railing extended about 10 or 12 feet from the deck to the overhead. The libelant climbed on to the railing and thence to the top of the generator housing and replaced the burned out bulb. In order to reach the fixture he had to hold on to the stanchion with his right hand and reach well over to his left. As he was descending he slipped and fell on to the steel deck, striking his back and elbow. There was some oil on the deck adjacent to the generator.

A wiper on duty in the engine room at the time, saw the libelant fall and was told by the latter "I hurt my back and my hip."

The libelant reported the accident to the chief mate who treated him for abrasions on the back and elbow, gave him a hot water bag and liniment to apply to his back, and told him to rest for the remainder of the day. Thereafter he worked every day though he continued to complain of pain in his lower back.

Seven days after his fall, when the vessel was in Karachi, a doctor examined him and prescribed medicines for a condition unrelated to his injury. Twelve days thereafter the chief mate sent him to a hospital in Hawaii. He was there given diathermy treatment and told to report to the Marine Hospital on his return to the United States. On the voyage from Hawaii his back pained constantly and he was unable to work more than every other day.

He reported to the Marine Hospital out-patient clinic in New York on October 29 and on every weekday thereafter for six weeks. Exercises were prescribed and he was given pills and a brace to wear while working. On December 12 he was discharged as fit for duty and at once registered at the union hall. He shipped out on December 26 and has worked steadily since. He wore the brace, while working, for about six months, and still carries it for use if needed on voyages. It does not appear whether he has had to resume wearing it.

Negligence is predicated on the alleged failure to supply a stepladder for libelant's use. Unseaworthiness is predicated on the alleged absence of a stepladder.

All of the testimony in the case, except the libelant's, was introduced through depositions. In their depositions, Mosher, the chief engineer, Coate, the first assistant engineer, and Cooper, the chief officer, swore there was a stepladder in the engine room available for the libelant's use. Mosher and Cooper said there were two and Coate said there was one. Having seen and heard the libelant, I have no reason to doubt his testimony that there was no stepladder in the engine room; and further that he usually had to use a can or some such device whenever he had to change a light above his reach, anywhere in the ship. Borgus, an oiler who witnessed the accident, and Power, the chief electrician, in their depositions also swore there was no stepladder in the engine room. Kish, the boatswain, swore in his depo-

sition that the only stepladder on the ship was one which he had and kept for use by men in the deck department.

I find there was no stepladder furnished to the men in the engine room.

 Failure to furnish a stepladder for the libelant's use in the engine room constituted negligence of the owner.[1] The libelant was not guilty of any negligence contributing to the accident.

 The libelant is entitled to an award for pain and suffering in the amount of $1,500. His average cash wages, including overtime, were stipulated to be $600 per month. This amounts to about $20 per day. He lost a total of 44 days' wages amounting to $880. He has already been paid $80 as maintenance and cure for 10 days. He is entitled to maintenance and cure for a further period of 34 days at $8 per day, amounting to $272.

A decree may be entered awarding the libelant the total sum of $2,652.

See, also, 140 F.Supp. 909.

1. See Ferguson v. Moore-McCormack Lines, Inc., 352 U.S. 521, 77 S.Ct. 457, 1 L.Ed. 2d 511.